# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **BERNARD K. POLLARD, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-00330-RLM-SLC |
| | ) |
| **COVENTRY MEADOWS,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff Bernard K. Pollard, Sr., in this Title VII discrimination case against his former employer, Coventry Meadows, asking that the Court recruit an attorney to represent him. (DE 3). Because Pollard's case is not a difficult one at this juncture, and since he is competent to litigate it, the motion will be DENIED.

### *A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir.

2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

*B. Analysis*

Applying the foregoing analysis to the instant circumstances, it is difficult at this early stage of the case to assess the merits of Pollard's claims. What is known, however, is that at least three attorneys he contacted have chosen to pass up the opportunity to represent him. (DE 3 ¶ 2). This circumstance speaks rather directly to the merits of his case and raises a fair inference that these attorneys did not view his case as meritorious. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Perhaps equally important is the fact that Pollard seems fully capable of litigating these claims himself, at least at this stage of the proceedings. This suit is a relatively straightforward employment discrimination action: Pollard claims that his former employer, Coventry Meadows, discriminated against him based on his race and sex when it denied him a promotion and terminated his employment. (DE 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Pollard has already adequately articulated his claims in his complaint and prepared two written motions seeking specific relief. (*See* DE 1; DE 2; DE 3). He has also participated in a report of parties' planning meeting with defense counsel and in a scheduling conference before the Court. (DE 12; DE 14). During the scheduling conference, Pollard appeared quite articulate and stated that he had obtained at least some level of college education. Thus, it is obvious that Pollard is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education).

Furthermore, the facts of this case are within Pollard's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Moreover, Pollard is not incarcerated, and thus, he has the freedom and ability to perform his own legal research.

In sum, Pollard appears to be competent and fully capable of representing himself in this suit at this juncture. *See Zarnes*, 64 F.3d at 289. Consequently, his motion will be DENIED. In the event Pollard's claims survive any motions for summary judgment and proceed to trial, the Court will, upon further motion, reconsider his request for counsel. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

*C. Conclusion*

For the reasons stated herein, Pollard's motion requesting the appointment of counsel (DE 3) is DENIED. Pollard is, of course, free to attempt to secure counsel on his own.

SO ORDERED.

Enter for this 11th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge